UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re:                                   §
                                         §
JAKSTAS, VYTO BRUNO                      §     Case No. 12-18404
                                         §
             Debtor(s)                   §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on           . The case was converted to one under Chapter 7 on           . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____ . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____ , for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____ , and now requests reimbursement for expenses of $_____ , for total expenses of $_____ [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi, Trustee_____
                                                    Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1 - JAKSTAS
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Page: 1

Exhibit A

| Case No: | 12-18404 ABG Judge: A Benjamin Goldgar | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | JAKSTAS, VYTO BRUNO | Date Filed (f) or Converted (c): | 08/13/12 (c) |
| | | 341(a) Meeting Date: | 09/18/12 |
| For Period Ending: | 03/06/13 | Claims Bar Date: | 01/25/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Location: 13314 W. Red Coat Drive, Lemont IL 60439 | 267,900.00 | 0.00 | | 0.00 | FA |
| 2. Harris Bank - Checking Account | 500.00 | 0.00 | | 0.00 | FA |
| 3. Misc. Household Goods | 3,000.00 | 0.00 | | 0.00 | FA |
| 4. Everday Apparel | 400.00 | 0.00 | | 0.00 | FA |
| 5. 401 (k) Atnan | 64,000.00 | 0.00 | | 0.00 | FA |
| 6. 2003 Acura Cl - Miles - 143,000 | 3,500.00 | 0.00 | | 0.00 | FA |
| 7. 2005 Acura TSX - Miles- 80,000 | 4,825.00 | 4,600.00 | | 4,600.00 | FA |
| 8. 2005 Honda Accord - Miles - 60000 | 4,305.00 | 0.00 | | 0.00 | FA |
| 9. Miniature Pinscher | 0.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $348,430.00 | $4,600.00 | | $4,600.00 | Gross Value of Remaining Assets $0.00 |

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 03/31/13     Current Projected Date of Final Report (TFR): 03/31/13

         /s/     Joseph A. Baldi, Trustee
_____     Date: 03/06/13
         JOSEPH A. BALDI, TRUSTEE

FORM 2 - JAKSTAS

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 12-18404 -ABG | | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | JAKSTAS, VYTO BRUNO | | Bank Name: | Congressional Bank |
| | | | Account Number / CD #: | *******8787 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8014 | | | |
| For Period Ending: | 03/06/13 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/22/12 | 7 | VYTO BRUNO JAKSTAS 13314 W. Red Coat Drive Lemont, IL 60439 | SETTLEMENT | 1129-000 | 3,600.00 | | 3,600.00 |
| 11/09/12 | 7 | VYTO BRUNO JAKSTAS 13314 W. Red Coat Drive Lemont, IL 60439 | SETTLEMENT | 1129-000 | 1,000.00 | | 4,600.00 |
| 02/07/13 | 001001 | International Sureties 701 Poydras Street #420 New Orleans, LA 70139 | Bond Premium Payment BOND # 016026455 | 2300-000 | | 3.71 | 4,596.29 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | 4,600.00 | 3.71 | 4,596.29 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 4,600.00 | 3.71 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 4,600.00 | 3.71 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********8787 | 4,600.00 | 3.71 | 4,596.29 |
| | 4,600.00 | 3.71 | 4,596.29 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals     4,600.00     3.71

LFORM24   UST Form 101-7-TFR (5/1/2011) *(Page: 4)*     Ver: 17.01

Page 1     EXHIBIT A - JAKSTAS     Date: March 06, 2013
ANALYSIS OF CLAIMS REGISTER

Case Number: 12-18404
Debtor Name: JAKSTAS, VYTO BRUNO

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000002 050 4210-00 | AMERICAN HONDA FINANCE CORPORATION<br>P.O. BOX 168088<br>IRVING, TX 75016-8088 | Secured | | $0.00 | $0.00 | $0.00 |
| 001 3110-00 | Baldi Berg & Wallace, Ltd.<br>19 S. LaSalle St.<br>Suite 1500<br>Chicago, IL 60603 | Administrative | | $1,103.00 | $0.00 | $1,103.00 |
| 001 2100-00 | JOSEPH A. BALDI, as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | Administrative | | $1,150.00 | $0.00 | $1,150.00 |
| 000001 070 7100-00 | BMO HARRIS BANK N.A.<br>3800 WEST GOLF ROAD, SUITE 300<br>ROLLING MEADOWS, IL 60008 | Unsecured | | $2,960.75 | $0.00 | $2,960.75 |
| 000003 070 7100-00 | Us Dept Of Education<br>Attn: Borrowers Service Dept<br>Po Box 5609<br>Greenville, TX 75403 | Unsecured | | $186,882.95 | $0.00 | $186,882.95 |
| 000004 070 7100-00 | Credit First National Association<br>Po Box 818011<br>Cleveland, OH 44181 | Unsecured | | $565.64 | $0.00 | $565.64 |
| 000005 070 7100-90 | American Express Centurion Bank<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $42,641.88 | $0.00 | $42,641.88 |
| 000006 070 7100-00 | OAK HARBOR CAPITAL VI, LLC<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Unsecured | | $3,871.21 | $0.00 | $3,871.21 |
| 000007 070 7100-00 | Credit First NA<br>Po Box 818011<br>Cleveland, OH 44181 | Unsecured | | $565.64 | $0.00 | $565.64 |
| | Case Totals: | | | $239,741.07 | $0.00 | $239,741.07 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-18404
Case Name: JAKSTAS, VYTO BRUNO
Trustee Name: Joseph A. Baldi, Trustee

Balance on hand                                      $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 000002 | AMERICAN HONDA FINANCE CORPORATION | $ | $ | $ | $ |

Total to be paid to secured creditors                    $_____

Remaining Balance                                        $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses   $_____

Remaining Balance                                        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | BMO HARRIS BANK N.A. | $ | $ | $ |
| 000003 | Us Dept Of Education | $ | $ | $ |
| 000004 | Credit First National Association | $ | $ | $ |
| 000005 | American Express Centurion Bank | $ | $ | $ |
| 000006 | OAK HARBOR CAPITAL VI, LLC | $ | $ | $ |
| 000007 | Credit First NA | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be     percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $     have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be     percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE