UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Vyto Bruno Jakstas, | ) | Case No. 12-18404 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | Hearing Date: April 3, 2013 |
| | ) | Hearing Time: 10:00 A.M. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:  Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:  Estate

Date of Order Authorizing
Employment:  August 23, 2012

Period for Which
Compensation is sought:  August 23, 2012 to Close of Case

Amount of Fees sought:  $1,150.00

Amount of Expense
Reimbursement sought:  $0.00

This is an:   Interim Application __   Final Application  **X**

If this is **not** the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  $0.00  .

Dated: March 4, 2013

Joseph A. Baldi, Trustee of the Estate of
Vyto Bruno Jakstas, Debtor

By:  /s/Joseph A. Baldi, Trustee
Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Vyto Bruno Jakstas, | ) | Case No. 12-18404 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | Hearing Date: April 3, 2013 |
| | ) | Hearing Time: 10:00 A.M. |

### Application for Allowance and Payment of
### Final Compensation of Joseph A. Baldi, as Trustee

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the Vyto Bruno Jakstas, debtor ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $1,150.00 as final compensation for services rendered as Trustee in this case from August 23, 2012 through the close of this case. In support thereof, Trustee states as follows:

### Introduction

1. Debtor commenced this case on May 4, 2012 ("Petition Date") by filing a voluntary petition for relief under chapter 13 of the Code. Thereafter, on August 13, 2012, this case was converted to one under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. As of the commencement of this case, the Estate's sole asset was the Debtor's interest in a 2005 Acura automobile ("Property").

4. The bar date for filing claims in this case was January 25, 2013.

### Prior Compensation

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case.

## Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A. Trustee reviewed and analyzed the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs; Trustee conducted a Section 341 meeting of the Debtor; Trustee identified equity available to the Estate in the Property; Trustee negotiated with the Debtor for the purchase of the Debtor's equity in the Property; upon receiving an acceptable offer, Trustee directed his attorneys to prepare and present a motion to sell the Property to the Debtor; as a result of those efforts, the Trustee recovered gross proceeds of $4,600.00 for the benefit of the Estate;

B. Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

C. Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

D. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

E. Trustee examined, analyzed and verified proofs of claim filed against the Estate; Trustee directed his attorneys to resolve an invalidly filed secured claim; and

2

F.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

### Funds Collected and Disbursed by Trustee

8.    Trustee has collected the sum of $4,600.00 on behalf of the Estate. Trustee has made $0.00 in disbursements in this case as of the date hereof.

9.    Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

### Compensation Requested

10.    During the period covered by this Application, Trustee has spent 4.30 hours rendering services on behalf of this Estate with a value of $847.50. Trustee estimates that he will spend an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11.    The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above, is $1,150.00 as follows:

| | |
|---|---|
| 25% of the first $4,600.00 | $1,150.00 |
| Total allowable compensation | $1,150.00 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to timely filed general unsecured creditors. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

12.    Based upon the caliber of the services rendered by Trustee, the skill and speed at which the Trustee administered this case, and the results achieved, Trustee requests allowance and payment of final compensation for his services rendered as

trustee from the time of his appointment through the closing of this case in the amount of $1,150.00.

13.  The amount requested represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

14.  An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

15.  Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

16.  The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

17.  Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Vyto Bruno Jakstas requests the entry of an order providing the following:

A.  Allowing to Trustee final compensation in the amount of $1,150.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from August 23, 2012 through the closing of this case;

B.  For such other and further relief as this Court deems appropriate.

Dated: February 7, 2013         Joseph A. Baldi, as trustee of the estate of
                                Vyto Bruno Jakstas, debtor

                                By:____/s/_____
                                     Joseph A. Baldi

Joseph A. Baldi, Atty ID 00100145
19 S. LaSalle St.   Suite 1500
Chicago, IL  60603
(312) 726-8150

4

**Trustee's Final Fee Application**  **Vyto Bruno Jakstas, Debtor**
  Case No. 12-18404

**Trustee's Itemized Billing Statements**

Exhibit A

**Baldi Berg & Wallace, Ltd.**
19 S. LaSalle Street
Suite 1500
Chicago, IL 60603

Phone: (312) 726-8150
Fax:   (312) 726-5067

FEIN: 36-4352753

**Invoice submitted to:**

February 7, 2013
Invoice No:  02167

Joseph A. Baldi, Trustee
Baldi Berg & Wallace, Ltd.
19 S. LaSalle St., Suite 1500
Chicago, IL 60603

In Reference to:    *Jakstas - Trustee*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 11/16/2012 | JMM | Process October 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/hr | $25.00 |
| 12/21/2012 | JMM | Process November 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/hr | $25.00 |
| 12/26/2012 | JAB | Review case status and tasks to close, note follow up needed. | 0.20<br>$450.00/hr | $90.00 |
| 1/14/2013 | JMM | Process December 2012 Bank Statements (.1) & Reconcile Trustee Bank Account (.1) | 0.20<br>$125.00/hr | $25.00 |
| 1/20/2013 | RKP | Review case file and documents re: 2012 tax return obligation; memo to L. West re: same | 0.10<br>$195.00/hr | $19.50 |
| 2/06/2013 | RKP | Review case file and documents for information needed to prepare TFR (.5); update system with information and data required for TFR, NFR and related documents (.6); draft trustee fee application (.8); draft coversheet, proposed order and affidavit (.2). | 2.10<br>$195.00/hr | $409.50 |

## Baldi Berg & Wallace, Ltd

2/07/2013

Jakstas - Trustee

Page   2

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 2/07/2013 | RKP | Prepare TFR (.6); NFR (.3); review and edit final report package (.4). | 1.30 $195.00/hr | $253.50 |

|  |  |
|---|---|
| Total Fees | $847.50 |
| Total New Charges | $847.50 |
| Previous Balance | $0.00 |
| Balance Due | $847.50 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 0.20 | $450.00 |
| Jason M Manola | 0.60 | $125.00 |
| Ricki K Podorovsky | 3.50 | $195.00 |

**Trustee's Final Fee Application**                    **Vyto Bruno Jakstas, Debtor**
                                                              **Case No. 12-18404**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vyto Bruno Jakstas, | ) | Case No. 12-18404 |
| | ) | |
| Debtor. | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| | ) | |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois   )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter, except among the principals and associates of Baldi Berg & Wallace, Ltd. a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation for services rendered in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on February 7, 2013

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**